STATE OF CONNECTICUT *v.* JAVIER SANTANA
(AC 25453)

Dranginis, Bishop and McLachlan, Js.

Argued January 11—officially released June 14, 2005

*George G. Kouros*, special public defender, with whom were *Richard A. Reeve* and, on the brief, *Michael O. Sheehan*, for the appellant (defendant).

*Joseph T. Corradino*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, *John C. Smriga*, supervisory assistant state's attorney, and *John P. Marini*, certified legal intern, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Javier Santana, appeals from the judgment of conviction, rendered after a jury trial, of felony murder in violation of General Statutes § 53a-54c,[1] attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2),[2] unlawful restraint in the first degree in violation of General Statutes § 53a-95,[3] robbery in the first degree

---

[1] General Statutes § 53a-54c provides in relevant part: "A person is guilty of murder when, acting either alone or with one or more persons, he commits or attempts to commit robbery . . . and, in the course of and in furtherance of such crime or of flight therefrom, he, or another participant, if any, causes the death of a person other than one of the participants, except that in any prosecution under this section, in which the defendant was not the only participant in the underlying crime, it shall be an affirmative defense that the defendant: (1) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (2) was not armed with a deadly weapon, or any dangerous instrument; and (3) had no reasonable ground to believe that any other participant was armed with such a weapon or instrument; and (4) had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury."

[2] General Statutes § 53a-49 (a) provides in relevant part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon . . . ."

[3] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circum-

in violation of General Statutes § 53a-134 (a) (2),[4] and larceny in the third degree in violation of General Statutes §§ 53a-119 and 53a-124 (a) (2).[5] On appeal, the defendant claims that the trial court's jury instruction regarding felony murder was ambiguous and allowed the jury to find him guilty even if a police officer, and not a participant in the robbery, had fired the gunshots that resulted in the victim's death.

The defendant and Gary Cooke were charged in a fifty-six count substitute information with felony murder, robbery in the first degree, attempt to commit robbery in the first degree, larceny in the third degree and unlawful restraint in the first degree on the basis of their robbery of guests at a garage party on November 30, 2001, and the resultant death of one individual. The two cases were consolidated and tried jointly before a twelve person jury. The jury found the defendant and Cooke guilty as charged, and both men appealed.

The claim that the defendant makes in his appeal was raised by Cooke and, in an opinion released on the same date, has been rejected by this court. See *State v. Cooke*, 89 Conn. App. 530, 874 A.2d 805 (2005).

The judgment is affirmed.

In this opinion the other judges concurred.

stances which expose such other person to a substantial risk of physical injury."

[4] See footnote 2.

[5] General Statutes § 53a-119 provides in relevant part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

General Statutes § 53a-124 (a) provides in relevant part: "A person is guilty of larceny in the third degree when he commits larceny, as defined in section 53a-119, and . . . (2) the value of the property or service exceeds one thousand dollars . . . ."